IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL JEROME WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-023 |
| | ) | |
| LATASHA HARRIS, Unit Manager; | ) | |
| T'ONNIE LANE, Sgt.; | ) | |
| EDWARD PHILBIN, Warden; | ) | |
| MICHAEL PASCHAL, Deputy Warden of | ) | |
| Security; TARNISHA MOYE, CO II; | ) | |
| SGT. PRESCOTT, Gang Investigator; | ) | |
| NURSE DAVIS; and | ) | |
| MARY ALSTON, Doctor, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983.

**I.      INSUFFICIENT FUNDS TO PAY INITIAL PARTIAL FILING FEE**

In compliance with this Court's prior Order, Plaintiff has furnished a certified copy of his trust fund account statement and has consented to the collection in installments of the $350.00 filing fee and any costs by the Court from his prison trust account. Based on the information furnished by Plaintiff, the Court has determined that he has insufficient funds to pay any initial filing fee.

**IT IS ORDERED** that Plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits to Plaintiff's trust fund account and forward those funds to the Clerk each time the set aside amount exceeds $10.00 until the $350.00 filing fee has been paid in full.

**IT IS FURTHER ORDERED** that all payments shall be designated as made in payment of the filing fee for Civil Action No. 122-023. In the event Plaintiff is transferred to another institution, Plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to Plaintiff's new custodian. The balance due from Plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

## II.     MISCELLANEOUS PENDING MOTIONS

On April 13, 2022, Plaintiff filed a motion for leave to proceed IFP. As Plaintiff has already been granted IFP status, (doc. no. 5), the Court **DENIES AS MOOT** the second IFP motion. (Doc. no. 12.)

Plaintiff also filed three additional "motions," in which he asks the Court for non-specific "help" because ASMP staff and fellow inmates are variously harassing him, trying to poison him, and denying him the use of a wheelchair. As the Court has previously explained with respect to several of Plaintiff's prior motions, (doc. no. 10, pp. 2-3), rather than making specific requests for Court action, the filings read like a daily log of happenings at ASMP involving Plaintiff. The Court previously cautioned Plaintiff this lawsuit is not an opportunity for him to continuously apprise the Court of daily activities at ASMP. Indeed, Plaintiff acknowledges the Court's prior admonition. (Doc. no. 15, p. 1 ("Please forgive me for filing my other motions and

expressing how & what's going on with me at ASMP on a[] daily basis.").)  Yet, he proceeds to continue the same pattern.

For instance, Plaintiff complains staff have turned off motion detectors so that inmates are "able to crawl around up in the ceiling" to harass Plaintiff without detection.  (Doc. no. 13.)  Plaintiff also complains fellow inmates are trying to poison his food and cosmetic products for his face.  (Doc. no. 14.)  Plaintiff also laments that he was disciplined for breaking his wheelchair leg on a window he had broken with a lock because other inmates have assaulted fellow prisoners and staff with the legs of their wheelchairs without disciplinary consequence.  (Doc. no. 15.)  To the extent Plaintiff may be trying to supplement the factual allegations of his pleadings via his "motions," that, too, is not permitted, as the Court has previously explained.  (Doc. no. 10, p. 3.)  Indeed, after the Court entered its last Order, Plaintiff availed himself of the opportunity to file one, complete amended complaint that superseded and replaced in its entirety the original complaint.  (See doc. no. 11.)

As the Court has determined the case is due to be dismissed without prejudice as described in a simultaneously issue Report and Recommendation, and in the absence of a specific request for action by the Court,[1] the Court **DENIES** the "motions"  (Doc. nos. 13, 14, 15.)

### III.    CONCLUSION

For the reasons set forth above, the Court **DENIES AS MOOT** the motion to proceed IFP, (doc. no. 12), and **DENIES** the other pending "motions," (doc. nos. 13, 14, 15). Furthermore, although Plaintiff has insufficient funds to pay any initial partial filing fee, the

---

[1]See In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000) (explaining Court does not have "license to serve as de facto counsel for a party" or to "become an advocate for the pro se litigant" (citations omitted)).

3

4

Court **DIRECTS** the Clerk of Court to serve this Order on Plaintiff and Plaintiff's custodian (warden) so that any future funds deposited to Plaintiff's trust account will be set aside and forwarded in accordance with the instructions in this Order.

SO ORDERED this 21st day of April, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA