IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL JEROME WHITE, | * | |
| Plaintiff, | * | |
| v. | * | CV 122-023 |
| LATASHA HARRIS, et al., | * | |
| Defendants. | * | |

O R D E R

Presently before the Court is *pro se* Plaintiff's motion for reconsideration of the Court's May 16, 2022 Order. (Doc. 26.) The facts of this case are presented in the Magistrate Judge's April 21, 2022 Report and Recommendation. (Doc. 18.) On September 26, 2022, Plaintiff filed the present motion for reconsideration. (Doc. 26.) For the following reasons, Plaintiff's motion for reconsideration is **DENIED**.

Plaintiff does not specify under which rule he brings the present motion. However, because Plaintiff filed this motion more than twenty-eight days after entry of the Court's May 16, 2022 Order, the Court will analyze his motion under Rule 60(b). See Brown v. Spells, No. 7:11-cv-91, 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003). Rule 60(b) "allows for relief from a final

judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the operation of the judgment." Marsh v. Dep't of Child. & Fams., 259 F. App'x 201, 205 (11th Cir. 2007) (citing FED. R. CIV. P. 60(b)) (internal quotation marks omitted). "Motions under [Rule 60(b)] are directed to the sound discretion of the district court." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984).

Presently, Plaintiff argues "how could [he] be held responsible for not mention[ing] somebody's name after [they have] been dismissed off of the case and it was [the Court] who had sent me those legal documents" and argues a "lack of [] understanding" caused his case to be dismissed without prejudice. (Doc. 26, at 1.) Further, he asserts he "clearly [could not have] held Edward Philbin Warden and Gina Devore Nurses Director at fault just because [they are] the superior[s] over those individuals so all of that should [have] been in [the Court's] computer simply because [he] had received a[] copy [himself]." (Id. at 2.)

The gist of Plaintiff's motion appears to be that his case should not have been dismissed based on his failure to notify the Court of his filing history because the Court had access to Plaintiff's filing history. (See id. at 1-2.) However, contrary

2

to Plaintiff's assertion, a plaintiff proceeding *in forma pauperis* has the responsibility of informing the Court about his prior filing history, and dismissal is a proper sanction for failure to disclose such history. See Strickland v. United States, 739 F. App'x 587, 588 (11th Cir. 2018). Thus, the Court finds no basis to reconsider its prior decision and Plaintiff's motion for reconsideration (Doc. 26) is **DENIED**.

 **ORDER ENTERED** at Augusta, Georgia, this 12th day of April, 2023.

          _____
          J. RANDAL HALL, CHIEF JUDGE
          UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF GEORGIA